INGRAM & CO. ET AL., v. UNITED STATES

No. 4924.—Invoices dated Gothenburg, Sweden, May 19, 1938, etc.
Certified May 27, 1938, etc.
Entered at Los Angeles, Calif., June 25, 1938, etc.
Entry Nos. 12127, etc.

(Decided June 10, 1940)

*Harper & Harper* for the plaintiffs.

*Webster J. Oliver*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

BROWN, Judge: The appeals to reappraisement listed in schedule A hereto attached and made a part hereof have been submitted for

decision upon the following stipulation of counsel for the parties hereto.

It is hereby stipulated by and between counsel for the respective parties, subject to the approval of the Court:

(1) That the merchandise and the issues covered by the appeals to reappraisement enumerated on the attached Schedule "A" is the same in all material respects as that which was the subject of the decision in the case of *Arkell Safety Bag Co. v. United States*, Reap. Dec. 4670.

(2) That the record in said case may be incorporated herein.

(3) That there was no foreign-market value, as such value is defined in Section 402 (c) of the Tariff Act of 1930, for the instant merchandise, at the times of exportation thereof.

(4) That the proper basis of appraisement for said merchandise is the export value, as such value is defined in Section 402 (d) of said Act and as legally interpreted in the *Arkell Safety Bag Co.*, case, *supra*.

(5) That the market value or price at the time of exportation of the merchandise involved herein at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of Sweden, for exportation to the United States, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States is the appraised value thereof, less the amount added under duress.

(6) That the appeals be submitted upon this stipulation without further hearing or argument.

On the agreed facts, I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise here involved, and that such values are the values returned by the appraiser, less the amounts added under duress. Judgment will be rendered accordingly.